# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Leonard Scott Pence, ) | |
| ) | |
| On Behalf of Himself and ) | Case No.  12-cv-313 |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | |
| ) | |
| Alliant Techsystems Operations, LLC, ) | |
| Alliant Techsystems, Inc., collectively d/b/a ) | **Jury Demanded** |
| ATK Small Caliber Systems ) | |
|  [Registered Agent: ) | |
| C T Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105] ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT
### Collective and Class Action Claims

**COMES NOW** the Plaintiff, Leonard Scott Pence, on behalf of himself and all others similarly situated, by and through counsel, and hereby sets forth his collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA, and his class action under Fed. R. Civ. P. 23 for violations of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 *et seq.* ("MMWL"), and states as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action against Defendants Alliant Techsystems Operations, LLC, Alliant Techsystems, Inc., collectively d/b/a ATK Small Caliber Systems ("Defendants") for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and all other similarly situated production employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In addition, Plaintiff brings this action as the class representative of Defendants' hourly production employees for Defendants' failure to pay straight time and overtime due and owing to Plaintiff and members of the class in violation of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 through 290.530 ("MMWL").

3. Defendants operate an ammunition production plant in Independence, Missouri.

4. Defendants employ over 1000 hourly production employees at its Independence, Missouri facility which produces small caliber ammunitions.

5. Pursuant to Defendants' compensation policies, Plaintiff and other hourly production employees of Defendants have not been fully compensated for their compensable work time. That is, Defendants routinely "round off" up to six or seven minutes from the actual end-of-shift "punch out" time indicated on the time clocks used by Defendants' production employees. Such policies and practices of Defendants have resulted in Defendants' failure to pay its hourly production employees for all of their time worked and for overtime wages due.

6. Defendants' "rounding off" policies and practices, as described herein, are similarly applied to all of Defendants' hourly production employees.

7. As described herein, on several occasions Defendants also unlawfully deducted 30 minute breaks from the compensable time of production employees working on the day shift in the "50 Caliber Case" department.

8. Defendants have failed to pay wages and overtime pay to its hourly production employees by failing to pay them for all of their compensable time in violation of the FLSA and

the MMWL. Plaintiffs seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

9. Defendants are corporations that at relevant times specified herein have been doing business in the State of Missouri as the employer of hourly production employees at an ammunition plant located in Independence, Missouri.

10. Plaintiff Scott Pence resides in Independence, Missouri.

11. From approximately August 21, 2006 to approximately November 7, 2011, Plaintiff Pence was employed as an hourly production employee of the Defendants at Defendants' ammunition plant in Independence, Missouri. Specifically, prior to sometime in 2010, Plaintiff Pence's paychecks indicated that Defendant Alliant Techsystems, Inc. was the employer of the hourly production employees at the plant; sometime in 2010, Plaintiff Pence's paychecks indicated that Defendant Alliant Techsystems Operations, LLC had become the employer of the hourly production employees at the plant.

12. Plaintiff Pence and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly production employees of Defendants at that location.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

14. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business in Independence, Jackson County, Missouri, located within this District.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen and occurred in substantial part in the Western District of Missouri. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within Western District of Missouri.

16. The claims for violations of the MMWL are based upon the statutory law of the State of Missouri. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties and will not create unmanageable confusion to a jury. The liability evidence will substantially overlap as to all causes of action, and no single cause of action will improperly predominate.

## COUNT I
## FLSA Claims

17. Plaintiffs hereby incorporate the allegations set forth above.

18. While employed by Defendants, Plaintiff Pence performed work as an hourly production employee at Defendants' Independence, Missouri ammunition production plant.

19. During the Plaintiff's employment with the Defendants, the Defendants employed numerous other individuals who had similar job duties as hourly production employees with a similar compensation structure as the Plaintiff. Said other hourly production

employees also worked at Defendants' Independence, Missouri location (the putative collective and class action plaintiffs).

20. Plaintiff brings his FLSA claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as hourly production employees within three years from the commencement of this action who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

21. Plaintiff brings their FLSA claims as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated putative plaintiffs of the collective action.

22. Plaintiff and the putative collective and class action plaintiffs are similarly situated in that they have been subjected to Defendants' common practices or policies of refusing to pay straight time and overtime for all hours worked in violation of the FLSA.

23. The names and addresses of the putative collective and class action plaintiffs are available from the Defendants. To the extent required by law, Plaintiff will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

24. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

25. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

26. At all relevant times, Defendants have had a policy and practice of "rounding off" compensable time of its hourly production employees. That is, Defendants routinely "round off" up to six or seven minutes from the actual end-of-shift "punch out" time indicated on the time clocks used by Defendants' production employees.

27. Defendants' "rounding off" policies have resulted in a substantial difference between the amount of time for which Defendants' hourly production employees were compensated and the amount of their compensable time as required by law, resulting in Defendants' failure to pay hourly production employees for all compensable time, including the failure to pay overtime as required by the FLSA.

28. From approximately February 2011 through August 2011, Plaintiff Pence worked as an hourly production employee on the day shift in the "50 Caliber Case Department."

29. Approximately 40 hourly production employees worked on the day shift in the 50 Caliber Case Department on any given work day.

30. One several occasions between February 2011 and August 2011, Defendants deducted 30 minutes from the compensable time of hourly employees working on the day shift in the 50 Caliber Case Department for shifts during which such employees did not take, and were not afforded, any such 30 minute breaks, resulting in Defendants' failure to pay proper overtime for the work weeks covered by such shifts.

31. More generally, the Defendants have failed to compensate Plaintiff and all other similarly situated employees for all hours worked, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

32. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Plaintiff, on behalf of himself and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

34. Plaintiff, on behalf of himself and all similarly situated employees of Defendants, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent To Join forms pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Leonard Scott Pence as the Representative Plaintiff of the putative members of the FLSA collective action;

c. An award of damages for straight time and overtime compensation due for the Plaintiff and the putative members of the collective actions, including liquidated damages, to be paid by Defendants;

d. Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
## MMWL Claims

35. Plaintiff hereby incorporate the allegations set forth above.

36. The Plaintiff brings his claims for Defendants' violations of the MMWL as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of himself and as representative of the following class:

> All current and former hourly production employees of Defendants who worked at Defendants' Independence, Missouri facility in the past two years.

37. At all relevant times, Defendants have been an "employer" within the meaning of the MMWL.

38. At all relevant times, Defendants have employed, and continue to employ, "employees," within the meaning of the MMWL, including the Plaintiff and all others similarly situated.

39. The Plaintiff, on behalf of himself and all others similarly situated, brings this claim for Defendants' violations of the MMWL.

40. The MMWL, R.S.Mo. § 290.505, requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

41. At all relevant times, Defendants have had a policy and practice of "rounding off" compensable time of its hourly production employees. That is, Defendants routinely

8
Case 4:12-cv-00313-SOW   Document 1   Filed 03/13/12   Page 8 of 12

"round off" up to six or seven minutes from the actual end-of-shift "punch out" time indicated on the time clocks used by Defendants' production employees.

42. Defendants' "rounding off" policies have resulted in a substantial difference between the amount of time for which Defendants' hourly production employees were compensated and the amount of their compensable time as required by law, resulting in Defendants' failure to pay hourly production and sanitation employees for all compensable time, including the failure to pay overtime as required by the MMWL.

43. More generally, the Defendants have failed to compensate Plaintiff and all other similarly situated employees for all hours worked, and therefore, Defendants have violated, and continues to violate, the MMWL.

44. Class certification for claims asserted pursuant to the MMWL is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at the present time but is believed to be over 1000;

b. There are questions of law and fact arising in this action which are common to Plaintiff and members of the class, including: (i) Whether Defendants' pay policies and practices for its hourly production employees violate their overtime rights under the MMWL; (ii) Whether Defendants have violated the MMWL due to Defendants' failure to include all compensable time in determining the number of hours worked by its hourly production employees pursuant to the statutory and regulatory requirements of the MMWL, including the statutory and regulatory requirements of the FLSA

incorporated by reference in the MMWL; (iii) Whether Plaintiff and other members of the class have suffered damages as a result of Defendants' violations of the MMWL;

 c. The Plaintiff's claims are typical of the claims of the members of the class. The Plaintiff was paid under the same policy and procedure as all members of the class, including Defendants' "rounding off" compensation policies. The Plaintiff and all members of the class sustained damages in a similar way, arising out of the same type of routine wrongful conduct engaged in by Defendants; and

 d. The Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained legal counsel who is competent and experienced in class action and complex litigation involving compensation claims. The Plaintiff has no interests which are adverse to or in conflict with other members of the class.

45. Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

 a. There is minimal interest of members of this class in individually controlling their prosecution of claims that all claims will be similar in nature under the Court's analysis of the Defendants' pay plan and its compliance with this law;

 b. There is no known prior litigation being prosecuted against the Defendants by this class of employees for the claims involved;

 c. It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Missouri and all class members will have the same claims; and

d. There are no unusual difficulties likely to be encountered in the management of this case as a class action, and Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the claims against Defendants. Class members can be easily identified from Defendants' business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

46. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the most practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large corporate entity such as Defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

**WHEREFORE**, the Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendants violated the MMWL and naming the Plaintiff Leonard Scott Pence as a proper class representative;

b. Declaring and determining that Defendants have violated the MMWL by failing to properly pay wages due to the Plaintiff and other members of the class;

c.  Entering judgment in favor of Plaintiff and the class and against Defendants for amounts respectively due to the Plaintiff and other similarly situated employees of Defendants for unpaid wages;

d.  Awarding Plaintiff and the members of the class the statutory liquidated damages under R.S.Mo. § 290.527 for Defendants' violations of the MMWL;

e.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, as provided in R.S.Mo. § 290.527;

f.  Pre-Judgment and Post-Judgment interest, as provided by law; and

g.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiff hereby designates Kansas City, Missouri as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

*/s/ Mark A. Kistler*
Mark A. Kistler      MO #48442
Michael F. Brady    MO #47521
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
mkistler@mbradylaw.com
brady@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**